

AFFIDAVIT

1. I, Robert V. Bishop being duly sworn according to the law, depose and state as follows:

2:16mj155

2. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been so employed for two years. Prior to being employed by the FBI, I was employed as a Deputy Sheriff and Task Force Officer with the Orange County Sheriff's Office in Orlando, Florida for 10 years. I have participated in the investigation of complex drug conspiracies involving the illegal importation, possession, and distribution of illegal narcotics as well as continuing criminal enterprise activities.

3. This affidavit is submitted in support of the attached criminal complaint, charging SARA LAUREN AYERS with opening, using and maintaining a drug-involved premises, in violation of Title 21, United States Code, Section 856.

4. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed or known to me.

5. On December 4, 2015, at approximately 5:00 a.m., Chesapeake police responded to Apartment #4 in the 1800 block of Sparrow Road, Chesapeake, Virginia for a possible domestic assault. As Officer Brian Stovall approached the residence, he could hear a female voice saying "Don't hurt me, don't hurt me!" followed by a male voice saying "I won't hurt you anymore if you stop crying and get back in the bedroom." Officer Stovall knocked on the door, verbally identified himself, and commanded the residents to open the door several times before anyone answered. After several minutes, SARA LAUREN AYERS answered the door and Officer Stovall noticed she had a bloody wound on her face and a large amount of blood on her clothing and shoes. While speaking with AYERS in the hallway outside of the door, Officer Stovall observed broken furniture and blood throughout the apartment. Concerned that the individual who assaulted AYERS might still be inside the apartment, Officer Stovall informed AYERS he was going to conduct a safety sweep of the residence. AYERS agreed to allow Officer Stovall to conduct the check, telling him that no one else was inside.

6. Officer J. Fisher arrived to assist with the house check. Upon entry, Officer Stovall observed a small ceramic plate with a razorblade and a white powdery residue, suspected to be cocaine, in plain view on the kitchen table. He also saw several small baggies of hard white substance that appeared to be crack cocaine. During the same check, Officer Fischer observed a large bag of suspected crack cocaine on the bed in the left rear bedroom. The officers did not find any other individuals inside the residence.

7. Based on the items he observed in plain view inside the residence, Officer Stovall obtained a search warrant for the location. During the search, CPD officers located, among other things, two digital scales, suspected powder cocaine, suspected crack cocaine, a Glock 30S firearm, various prescription pills (approximately 62 ), and $1,014 U.S. currency. In addition to the cocaine and pills, CPD detectives located digital scales, sandwich baggies and razor blades.

Based upon your affiant's training and experience, the amount of substances seized as well as packaging materials, scales, baggies, currency and a firearm indicate that narcotics were being stored, manufactured and/or distributed from the residence. Further investigation also revealed that an individual (most likely the male voice overheard by Officer Stovall when he first arrived), fled through one of the apartment windows prior to the police entering the residence. During a post Miranda interview, AYERS advised she was the lessee of the residence.

8. The suspected narcotics were properly packaged and sent to the Virginia Department of Forensic Science Tidewater Laboratory for analysis which came back as 51.91 grams of cocaine base, 13.53 grams of cocaine powder, and 62 prescription and non-prescription pills including Methylphenidate (Schedule II), Alprazolam (Schedule IV), Clonazepam (Schedule IV), Buspirone (Schedule VI), ethylone (Schedule I), Adderall (Schedule II), and Oxycodone (Schedule II) as set forth in Certificate of Analysis #T15-8082.

9. Based on the foregoing, I believe there is probable cause to believe that SARA LAUREN AYERS did open, use and maintain a place for the purpose of manufacturing and distributing controlled substances, in violation of Title 21, United States Code, Section 856, and ask that a warrant be issued.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Robert V. Bishop
Special Agent, FBI

Read and Reviewed:

Sherrie S. Capotosto
Assistant United States Attorney

SWORN AND SUBSCRIBED TO BEFORE ME THIS 31st day of March, 2016.

UNITED STATES MAGISTRATE JUDGE

At Norfolk, Virginia.